IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Court File No. _____

| | |
|---|---|
| Galen Traylor, individually, and on behalf of all others similarly situated,<br><br>           Plaintiff,<br>v.<br><br>I.C. System, Inc. and Credit One Bank, N.A.,<br><br>           Defendants. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1962k(d) and 28 U.S.C. § 1367 for pendent state claims.

2. Venue is appropriate in this district because the relevant acts and transactions occurred in Minnesota, the Plaintiff resides in this state, and at least one of the Defendants (I.C. System) is located in this state.

### PARTIES

3. Plaintiff Galen Traylor, is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant I.C. System, Inc. (hereinafter "Defendant IC") is a "debt collector," as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails to collect

-1-

or attempts to collect consumer debts in the District of Minnesota from an address of 444 Highway 96 East, St. Paul, Minnesota 55127-2557.

5. Defendant Credit One Bank, N.A. (hereinafter "Defendant Credit One") is a "debt collector," as defined by § 1692a(6) of the FDCPA, because it regularly uses interstate commerce and the telephone lines to collect, or attempts to collect, consumer debts in the District of Minnesota from an address of 585 Pilot Road Las Vegas, Nevada 89119.

## FACTUAL ALLEGATIONS

6. Sometime prior to July 17, 2010, Plaintiff allegedly incurred a consumer debt, as that term is defined by 15 U.S.C. § 1692a(5), with Defendant Credit One for family, household and/or personal needs related to credit card purchases.

7. Upon information and belief, at some time prior to July 17, 2010, Plaintiff's Credit One debt was allegedly transferred to Defendant IC for collection.

8. Defendants called Plaintiff numerous times on both her home telephone (ending in 3845) and cellular telephone (ending in 2999) numbers from July 17, 2010 through February 2011.

9. Defendants called Plaintiff from telephone number 651-204-9006 which appeared on Plaintiff's residential caller I.D. as being placed by Defendant I.C.

10. Defendants called Plaintiff from telephone number 651-204-1376 which appeared on Plaintiff's residential caller I.D. as being placed by Defendant I.C.

11. Defendants called Plaintiff numerous times on both her home telephone and cellular telephone numbers from the following five telephone numbers which

-2-

would appear on her caller ID as being from Defendant I.C.: 651-204-1376; 651-204-9006; 202-367-9284; 202-204-2043; and 208-758-0231.

12. Each of these telephone numbers when called back by Plaintiff would be answered by a person announcing him/herself from Defendant Credit One.

13. Most recently, Defendants called Plaintiff in 2011 from telephone number 208-758-0231 which appeared on Plaintiff's residential caller I.D. as being placed by Defendant I.C.

14. Plaintiff responded by returning the call by dialing the number on her caller I.D. (208-758-0231), only to find out that each of the number appearing on her caller I.D. were not answered or allegedly did not belong to Defendant IC but instead were answered by Defendant Credit One.

15. Defendants used the false and bogus name of "IC Systems" instead of the true name or identity of the caller to deceive consumers into believing someone other than Defendant Credit One was calling, in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(14).

16. Defendants' deceptive practice of having Defendant IC's name and alleged telephone number appear as that of a separate entity other than Credit One Bank in order to deceive consumers is a in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

17. In the alternative it is believed that Defendant IC may have allowed Defendant Credit One to utilize its name to create the false impression that someone other than the bank was calling in order to collect the debt.

**TRIAL BY JURY**

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**ALLEGATIONS AGAINST DEFENDANTS
RELATED TO THE FDCPA CLASS**

19. Plaintiff brings this FDCPA action individually and as a class action against Defendants pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

    (i)   all persons/consumers residing in Minnesota;

    (ii)  to whom telephone calls have been made from telephone numbers 651-204-9006, 202-367-9284, 651-204-1376, 208-515-7494 and 208-758-0231 or some other telephone number that appears on caller ID as someone or some entity other than Defendant Credit One; and

    (iii) for the purpose of an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were received (v) during the one year period prior to the filing of the complaint in this action.

20. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, the Plaintiff avers upon information and belief that Defendants have engaged in similar conduct towards at least 50 consumers in a fashion similar to the Plaintiff. Accordingly, the Plaintiff estimates that the class size numbers in excess of 50 Minnesota consumers.

21. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question is whether the Defendants violated the FDCPA by its conduct.

22. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class. The Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

24. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25. A class action is a superior method for the fair and efficient adjudication of this controversy. The interests of Class members in individually controlling the prosecution of separate claims against the Defendants are slight because the maximum statutory damages are limited to $1,000.00 under the FDCPA.

Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from the Defendants.

26. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the Defendants have acted on grounds generally applicable to the class thereby making declaratory relief appropriate with respect to the class as a whole.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 et seq.

27. The Plaintiff incorporates by reference all prior paragraphs as though fully stated herein.

28. The Defendants' actions constitute numerous and multiple violations of the FDCPA, including, but not limited to, violations of 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(14) and 1692f.

29. As a result of these violations, the Plaintiff is entitled to statutory damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully asks:

a. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing the Plaintiff and his counsel to represent the Classes;

b. That an order be entered declaring that the Defendants' actions violate the FDCPA;

c. That judgment be entered against the Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

d. That the Court award costs and reasonable attorneys' fees in favor of the Plaintiff and against the Defendants pursuant to 15 U.S.C. § 1692k(a)(3); and

e. That the Court grants such other and further relief as may be just and proper.

Dated this 11th day of October, 2011.

Respectfully submitted,

By: s/Thomas J. Lyons
**CONSUMER JUSTICE CENTER P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:(651) 704-0907
tlyons@lyonslawfirm.com


**MARTINEAU, GONKO & VAVRECK, PLLC**
Mark L. Vavreck, Esq.
Attorney I.D. #318619
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401

Telephone: 612-659-9500
Facsimile: 612-659-9220
mvavreck@mgvlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
    ) ss
COUNTY OF HENNEPIN )

    I, Galen Traylor, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                  s/Galen Traylor
                                                Galen Traylor

Subscribed and sworn to before me
this <u>4th</u> day of October, 2011.

s/Melissa Kay Hall
Notary Public

-9-