# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Galen Traylor, individually, and on behalf of all others similarly situated, | Civil No. 11-2968 (DWF/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| I.C. System, Inc., and Credit One Bank, N.A., | |
| Defendants. | |

Mark L. Vavreck, Esq., Martineau, Gonko & Vavreck, PLLC; and Thomas J. Lyons, Esq., Lyons Law Firm, P.A., counsel for Plaintiffs.

Michelle Kreidler Dove, Esq., Bassford Remele, counsel for Defendants.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss and Compel Arbitration brought by Defendants I.C. System, Inc. ("I.C. System"), and Credit One Bank, N.A ("Credit One") (Doc. No. 4). For the reasons set forth below, the Court denies the motion without prejudice and directs the parties to engage in limited discovery consistent with this Order.

## BACKGROUND

On or about May 11, 2007, Plaintiff opened a credit card account with Credit One (the "Account"). (Doc. No. 7, Harwood Aff. ¶ 6.) Plaintiff incurred a consumer debt on the Account. (Doc. No. 1, Compl. ¶ 6.) Plaintiff alleges that the debt owed to Credit One was transferred to I.C. System for collection. (*Id.* ¶ 7.)[1] Plaintiff has not made payments on the Account since May 5, 2010, and the unpaid balance on the account is $905.48. (Harwood Aff. ¶¶ 7, 8.) Plaintiff alleges that Defendants called her numerous times on both her home and cellular telephone to collect the amounts owing on the Account. (Compl. ¶ 8.) Plaintiff further alleges that her caller identification system identified the caller as I.C. System, but when she called the identified numbers back, the persons answering identified themselves as being from Credit One. (*Id.* ¶¶ 8-14.) Plaintiff also alleges that Credit One used the false name of I.C. System to deceive customers into believing that someone other than Credit One was calling. (*Id.* ¶ 15.) In a single count, Plaintiff alleges that both Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. ("FDCPA").

Defendants submit a copy of a *VISA/MASTERCARD Cardholder Agreement, Disclosure Statement and Arbitration Agreement*, which they claim governs the Account and relationship between Plaintiff and Credit One (the "Agreement" or "Arbitration Agreement"). (Hardwood Aff. ¶ 9, Ex. A.) The Agreement provides in relevant part:

---

[1] According to the Complaint, Defendant I.C. System is a Minnesota debt collector. (*Id.* ¶ 4.)

*Agreement to Arbitrate:*
You and we agree that either you or we may without the other's consent require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration . . . .

*Claims Covered:*

- Claims subject to arbitration include, but are not limited to, disputes relating to the establishment, terms, treatment, *operation, handling*, limitations on or termination of your account; any disclosures or other documents or communications relating to your account; any transactions or attempted transactions involving your account, whether authorized or not; billing, billing errors, credit reporting, the posting of transactions, payment or credits, *or collections matters relating to your account* . . . ; the application, enforceability or interpretation of this Agreement, including this arbitration provision; and any other matters relating to your account . . . .
- Claims subject to arbitration include not only Claims made directly by you, but also Claims made by anyone connected with you or claiming through you, such as a co-applicant or authorized user of your account, your agent, representative or heirs, or a trustee in bankruptcy.  Similarly, Claims subject to arbitration include not only Claims that relate directly to us, a parent company, affiliated company, and any predecessors and successors (and the employees, officers, and directors of all of these entities), *but also Claims for which we may be directly or indirectly liable*, even if we are not properly named at the time the Claim is made.
- Claims subject to arbitration include Claims based on any theory of law, any contract, statute, regulation, ordinance, tort (including fraud or any intentional tort), common law, constitutional provision, respondeat superior, *agency or other doctrine concerning liability for other persons*, custom or course of dealing or any other legal or equitable ground (including any claim for injunctive or declaratory relief). Claims subject to arbitration include Claims based on any allegations of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship.

(*Id.* (emphasis added).)  In addition, the Agreement provides that "[a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced."  (*Id.*)

## DISCUSSION

### I.     Legal Standard

Defendants bring this motion pursuant to the Federal Arbitration Act ("FAA").  The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.  Defendants ask that the Court dismiss or stay the proceedings because the present dispute is governed by a written arbitration agreement.  In determining whether to compel arbitration, the Court must determine:  (1) whether a valid agreement to arbitrate exists between the parties; and (2) whether the specific dispute is within the scope of that agreement.  *Pro Tech Indus., Inc. v. URS Corp.,* 377 F.3d 868, 871 (8th Cir. 2004).  There is a strong presumption in favor of arbitration and any doubts concerning arbitration rights should be resolved in favor of arbitration.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

### II.    Plaintiff's Claim against Credit One

Defendants assert that when Plaintiff opened her Account with Credit One, she executed the Agreement and thereby agreed to submit all disputes arising under the Agreement to arbitrate.  Plaintiff, however, argues that Credit One provides no facts in support of mutual assent to the alleged arbitration agreement.  In particular, Plaintiff asserts that Defendants have not alleged facts showing when the Agreement was written;

when, how, or even if the terms of the Agreement were communicated to Plaintiff; or when, how, or even if Plaintiff assented to the terms.

In their reply brief, and the Supplemental Affidavit of David Guy ("Guy Aff"), Defendants submit that Plaintiff affirmatively acknowledged that she had read and accepted the terms of the Agreement as part of the credit card application. (Doc. No. 13, Guy Aff. ¶ 3.) In particular, Defendants submit that because Plaintiff applied for credit online, Plaintiff could not have completed the application and obtained credit without first expressly accepting the terms of the Agreement. (*Id*. ¶¶ 2-3.)[2]

While it appears likely that Defendants will be able to demonstrate, upon a more complete factual record, that Plaintiff entered into a valid agreement to arbitrate with Credit One, the record at this point is insufficient to make such a showing. Plaintiff does not deny that she entered into a contractual relationship with Credit One, accepted and benefitted from the extension of credit under the Account, and failed to repay amounts due and owing. However, as pointed out by Plaintiff, the Guy Affidavit does not describe or set forth the process by which Plaintiff would be required to "expressly accept" the

---

[2] Plaintiff moves to strike the Guy Affidavit, arguing that it contains inadmissible evidence and violates Local Rule 7.1 because it raises new facts not previously submitted by Defendants. Plaintiff contested the existence of mutual assent to the Arbitration Agreement in her opposition to Defendants' motion to compel arbitration. Defendants then submitted, at the same time as their reply, the Guy Affidavit. The Guy Affidavit puts forth evidence that Plaintiff must have assented to the terms of the Arbitration Agreement when she completed the online application. The Court concludes that the affidavit is properly considered. However, as discussed below, the Court finds that the evidence set forth in the Guy Affidavit is not sufficient to establish a factual basis upon which the Court can compel arbitration at this time.

5

terms of the Arbitration Agreement (such as how the terms of the arbitration agreement would be displayed or made known to Plaintiff), or otherwise detail the foundational elements of the online application process. Accordingly, the Court concludes that the parties should engage in very limited discovery to gather information necessary for the Court to determine whether Plaintiff agreed to the arbitration provision via the online application process. The Court will entertain a revised motion to compel arbitration after such limited discovery is conducted and Defendants are able to provide sufficient factual support for the contention that Plaintiff is bound by the terms of the Agreement.

The Court next considers whether the present dispute is within the scope of the Agreement. Plaintiff asserts a claim against Credit One that arises out of the alleged unlawful attempt to collect a debt against Plaintiff. This claim implicates the operation and handling of the Account and involves both communications and collection matters that relate to the Account. Accordingly, Plaintiff's FDCPA claim against Credit One is within the scope of the Agreement.

### III.    Plaintiff's Claim Against I.C. System

Plaintiff submits that, even if the Agreement governs Plaintiff's claims against Credit One, it does not govern Plaintiff's claims against I.C. System because there is no assertion that I.C. System was a party to the Agreement. In particular, Plaintiff asserts that I.C. System has not offered a theory as to how an agreement to arbitrate between Plaintiff and Credit One would apply to it as a third party.

There is no dispute that the Agreement defines "we" and "us" as Credit One and its successors and assigns. There is also no assertion from either Defendant that Credit

One assigned Plaintiff's Account to I.C. System. Defendants contend, however, that the claim against I.C. System is subject to arbitration under the plain language of the Agreement and due to the nature of the relationship between the parties. In particular, Defendants assert that Credit One and I.C. System entered into an Outsource Collection Services Agreement ("OCSA"), whereby Credit One engaged I.C. System to provide "certain first party credit card account collection services." (Guy Aff. ¶ 4.)

In this action, Plaintiff asserts a single cause of action under the FDCPA. Plaintiff does not distinguish between the alleged actionable conduct of Credit One and I.C. System, but instead jointly accuses both Defendants of violating the FDCPA. Specifically, Plaintiff argues that Credit One and I.C. System instituted a scheme, whereby they would contact customers (including Plaintiff) without making clear who was calling. Plaintiff maintains that both Credit One and I.C. System are liable under the FDCPA for these allegedly deceptive actions. The Court concludes that if Plaintiff's claim against Credit One is ultimately subject to arbitration, then Plaintiff's claim against I.C. System will also be subject to arbitration. The Agreement provides that claims subject to arbitration include "[c]laims for which [Credit One] may be directly or indirectly liable." (Harwood Aff. ¶ 9, Ex. A.) Here, I.C. System became involved in the servicing of Plaintiff's Account when it engaged in collection efforts. Plaintiff's FDCPA claim against I.C. System directly relates to Credit One, as Plaintiff alleges that her calls to telephone numbers owned by I.C. System were answered by individuals who identified themselves as Credit One representatives. Because Plaintiff has pled a single cause of action against both Defendants, based on an alleged scheme devised between the two, it

appears that this claim is one for which Credit One may be directly or indirectly liable. As such, the claim against I.C. System will also be subject to arbitration if Defendants can establish that Plaintiff accepted the terms of the Arbitration Agreement at the time she opened her Account.[3]

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss and Compel Arbitration (Doc. No. [4]) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Motion to Strike (Doc. No. [20]) is **DENIED**.

3. The parties are directed to consult with the Magistrate Judge to determine a schedule pursuant to which the parties will conduct limited discovery directed at the issue of whether Plaintiff agreed to the Arbitration Agreement via the online application process.

Dated: May 22, 2012                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge

---

[3] Defendants also argue that the claims against I.C. System, a non-signatory to the Agreement, must be arbitrated under principles of agency and third-party beneficiary status. In support, Defendants cite to the terms of the OSCA that is referenced in, but not attached to, the Guy Affidavit. Without the benefit of a copy of the OCSA Agreement to review, the Court declines to reach the issue of agency or third-party beneficiary status.