**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Galen Traylor, individually,
and on behalf of all others
similarly situated,

          Plaintiff,

v.

I.C. System, Inc.,

          Defendant.

Civil No. 11-2968 (DWF/SER)

**MEMORANDUM OPINION AND ORDER**

---

Mark L. Vavreck, Esq., Martineau, Gonko & Vavreck, PLLC; Thomas J. Lyons, Esq., Lyons Law Firm, P.A., and Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A., counsel for Plaintiff.

Michelle Kreidler Dove, Esq., Bassford Remele, counsel for Defendant.

---

# INTRODUCTION

This matter is before the Court on Plaintiff Galen Traylor's ("Plaintiff") Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. No. 46). For the reasons set forth below, the Court denies Plaintiff's motion.

# BACKGROUND

Plaintiff initially commenced this lawsuit on October 11, 2011. (Doc. No. 1, Compl.) On September 7, 2012, Plaintiff voluntarily dismissed Credit One Bank, N.A. ("Credit One") as party to this action and, on the same date, filed an Amended Complaint naming only I.C. System, Inc. ("I.C. System") as Defendant. (Doc. Nos. 26, 27.) On

December 12, 2012, this Court granted I.C. System's motion to dismiss, compelled arbitration, and dismissed Plaintiff's Amended Complaint without prejudice ("December 12 Order").[1] (Doc. No. 44.) The Clerk of Court entered judgment on the same date. (Doc. No. 45.)

Plaintiff now moves to amend or alter the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "to correct manifest errors of law and fact" in the Court's December 12 Order. (Doc. Nos. 46, 47 at 1.)

## DISCUSSION

"Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted); *see also Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998). Relief under Rule 59(e) is granted only in "extraordinary" circumstances. *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986). The Court has considered the parties' arguments and concludes that it committed no manifest error of law or fact that would warrant altering or amending the judgment in this case.

---

[1] The allegations contained within Plaintiff's Amended Complaint as well as the factual and procedural background of this case are set forth in detail in the Court's December 12 Order. (Doc. No. 44.)

Plaintiff argues that the Court manifestly erred by concluding that Plaintiff's claim against I.C. System is subject to arbitration. Plaintiff contends that the absence of any claim against the original creditor (Credit One) in the Amended Complaint precludes a finding of arbitrability. In particular, Plaintiff takes issue with the Court's conclusion (in a prior Order) that "if Plaintiff's claim against Credit One is ultimately subject to arbitration, then Plaintiff's claim against I.C. System will also be subject to arbitration." (Doc. No. 25 at 7; *see also* Doc. No. 47 at 13-14.)

It appears to the Court that Plaintiff is attempting to relitigate the arguments it made at the motion to dismiss stage. As this Court has previously acknowledged, a manifest error of law is created by a disregard, misapplication, or failure to recognize controlling precedent, not by the disappointment of the losing party. *See ProGrowth Bank, Inc. v. Wells Fargo Bank, N.A.*, Civ. No. 07-1577, 2007 WL 4322002, at *5 (D. Minn. Dec. 5, 2007). The Court has already considered and rejected the arguments that form the basis of Plaintiff's Rule 59(e) motion. Moreover, Plaintiff offers no newly discovered evidence or law that would merit a reversal of the Court's December 12 Order. Plaintiff has identified no "extraordinary" circumstances that would warrant the relief requested.

The Court thus concludes that Plaintiff has failed to establish any manifest error of law or fact requiring amendment of the judgment. Accordingly, the Court denies Plaintiff's motion.[2]

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Galen Traylor's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. No. [46]) is **DENIED**.

Dated: February 12, 2013

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

---

[2] Alternatively, to the extent Plaintiff's request may be construed as a request for reconsideration of the Court's December 12 Order (Doc. No. 44), Plaintiff has failed to show compelling circumstances sufficient to permit such a motion. *See* D. Minn. LR 7.1(j).